IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| | * |
| AKINTOLA FALAIYE, | |
| | * |
|     Plaintiff, | |
| | * |
|   v. | Civil Action No. PX 16-2887 |
| | * |
| CCA ACADEMIC RESOURCES, LLC and | |
| VAN WHITFIELD, | * |
| | |
|     Defendants. | * |

******

**MEMORANDUM OPINION**

Pending in this case involving alleged violations of the Fair Labor Standards Act,

Maryland Wage and Hour Law, and the Maryland Wage Payment and Collection Law is Plaintiff

Akintola Falaiye's motion for default judgment. ECF No. 13. The issues are fully briefed and the

Court now rules pursuant to Local Rule 105.6 because no hearing is necessary. For the reasons

stated below, the motion is denied.

**I.    BACKGROUND**

Defendant CCA Academic Resources, d/b/a Capitol Christian Academy ("CCA" or the

"School"), is a private high school located in Upper Marlboro, Maryland. Complaint, ECF No. 1,

¶ 2. In December 2015, CCA hired Akintola Falaiye ("Plaintiff") as a teacher to instruct students

on U.S. history, U.S. government, cultural studies, and world history. *Id.* ¶¶ 4, 6. Plaintiff taught

classes for approximately three hours each weekday and spent an additional two hours each day

planning his curriculum, grading papers, and performing other related tasks. *Id.* ¶ 7.

Plaintiff alleges that during his tenure with CCA, he often requested that Defendants

provide him formal documentation of his salary and rate of pay.  His requests were denied. *Id.* ¶

8. In fact, CCA, along with the school's principal, Van Whitfield (collectively, the

"Defendants"), kept no records pertaining to Plaintiff's employment. *Id.* ¶ 9. Plaintiff also alleges that Defendants did not pay him his agreed-upon compensation apart from a single $1,000 payment tendered to him three months into his employment. *Id.* ¶ 11; *see also* Pl.'s Mot. Default J., ECF No. 13-1 at 2. Frustrated by this, Plaintiff resigned in April 2016, just five months into his tenure with the School. Defendants tendered one additional payment of $500 to Plaintiff several months after he resigned. Pl.'s Mot. Default J., ECF No. 13-1 at 2.

On August 16, 2016, Plaintiff filed a Complaint in this Court against the Defendants for violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*; the Maryland Wage and Hour Law ("MWHL"), Md. Code Ann., Lab. & Empl., § 3-401 *et seq.*; and the Maryland Wage Payment and Collection Law ("MWPCL"), Lab. & Empl., § 3-501 *et seq*. The summons was returned executed as to Van Whitfield. *See* ECF No. 10. The affidavit of Plaintiff's process server demonstrates that he personally served Defendant Whitfield with the summons and a copy of the Complaint on September 15, 2016. This affidavit, however, does not demonstrate that CCA had been properly served.

On November 2, 2016, Plaintiff moved Clerk's entry of default. *See* ECF No. 11. In so moving, Plaintiff avers that Defendants were served with the summons and complaint, "with Van Whitfield accepting service for himself and as representative for CCA Academic Resources." *Id.* On November 16, 2016 the Clerk entered an Order of Default. *See* ECF No. 12. While the Order of Default appears to be an entry of default against both defendants, the Order simply states that "the summons and Complaint were properly served upon the above named *Defendant*," without specifying which of the two Defendants in this case the Clerk was referring to. *Id.* (emphasis added).

2

## II.     ANALYSIS

Rule 4(m) of the Federal Rules of Civil Procedure provides that, "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." CCA appears to be a Maryland corporation, and under Rule 4(h)(1), a domestic corporation must be served:

> (A) in the manner prescribed by Rule 4(e)(1) for serving an individual; or

> (B) by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and—if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant.

Here, while Plaintiff alleges that Van Whitfield accepted service on CCA's behalf, the only proof of service demonstrates that Whitfield was *personally* served.  No mention is made of CCA, or whether Whitfield accepted service on CCA's behalf pursuant to Rule 4(h).

Accordingly, service appears to have been properly effectuated only as to Whitfield as an individual defendant. However, the Clerk's Entry of Default does not explain which of the two Defendants the Clerk entered default against. It simply states that a default is entered for want of answer by "said Defendant." Accordingly, the Clerk's Entry of Default at ECF No. 12 must be vacated. The Court will allow Plaintiff fourteen (14) days from the issuance of the following Order to supplement the record with evidence that it properly served CCA or show good cause why his claims against CCA should not be dismissed without prejudice pursuant to Rule 4(m) of the Federal Rules of Civil Procedure.

Further, the Court must deny Plaintiff's motion for default judgment even if it were advanced as to Whitefield only. As explained above, Plaintiff filed a Complaint in this Court against the Defendants for violations of the FLSA, MWHL, MWPCL, alleging that Whitfield

and CCA failed to pay him a least the minimum wage for the hours he worked between December 2015 and April 2016 and failed to promptly pay him the wages owed to him. A necessary precondition to establishing liability under the FLSA, MWHL, and MPCWL is showing that an employment relationship existed between the parties. *See Coles v. Von Paris Enterprises, Inc*, No. PJM 14-450, 2014 WL 6893861, at *3 (D. Md. Dec. 3, 2014); *Butler v. PP & G, Inc.*, No. WMN-13-43, 2013 WL 4026983, at *4 (D. Md. Aug. 6, 2013).

Whether an individual or entity is an "employer" under these statutes must be determined by applying the "economic reality" test. *See Schultz v. Capital Int'l Sec., Inc.*, 466 F.3d 298, 304 (4th Cir. 2006). An "employer" is one who (1) has the authority to hire and fire employees; (2) supervises and controls work schedules or employment conditions; (3) determines the rate and method of payment; and (4) maintains employment records. *Jacobson v. Comcast Corp.*, 740 F. Supp. 2d 683, 689 (D. Md. 2010). Under this test, no one factor is dispositive, and courts should consider the totality of the circumstances. *Id.*

Plaintiff's allegations in the Complaint as to Whitfield do not establish that he is an employer under the FLSA, MWHL, or MWPCL. The Complaint merely alleges that Whitfield was the "principal" without detailing Whitfield's responsibilities generally or as related to Plaintiff. *See* ECF No. 1, ¶ 3. Without more, Whitfield cannot be considered an employer even when viewing the pleaded facts most favorably to Plaintiff. *See Jacobson*, 740 F. Supp. 2d at 689. Accordingly, Plaintiff's motion for default judgment is denied as to Whitfield. Plaintiff will be provided fourteen (14) days from the date of the following Order to file an amended complaint curing this deficiency.

6/12/2017                                    /S/
Date                                    Paula Xinis
                                       United States District Judge

4