IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|                                              |   |                                |
|----------------------------------------------|---|--------------------------------|
|                                              | * |                                |
| AKINTOLA FALAIYE,                            |   |                                |
|                                              | * |                                |
|         Plaintiff,                           |   |                                |
|                                              | * |                                |
|     v.                                       |   | Civil Action No. PX 16-2887    |
|                                              | * |                                |
| CCA ACADEMIC RESOURCES, LLC and              |   |                                |
| VAN WHITFIELD,                               | * |                                |
|                                              |   |                                |
|         Defendants.                          | * |                                |

****** 

**MEMORANDUM OPINION**

Pending in this case involving alleged violations of the Fair Labor Standards Act,

Maryland Wage and Hour Law, and the Maryland Wage Payment and Collection Law is Plaintiff

Akintola Falaiye's second motion for default judgment. ECF No. 21. The issues are fully briefed

and the Court now rules pursuant to Local Rule 105.6 because no hearing is necessary. For the

reasons stated below, the motion is granted.

## I.      BACKGROUND

Defendant CCA Academic Resources, d/b/a Capitol Christian Academy ("CCA" or the

"School"), is a private high school located in Upper Marlboro, Maryland. Complaint, ECF No. 1

at ¶ 2. In December 2015, CCA hired Akintola Falaiye ("Plaintiff") as a teacher to instruct

students on United States history and government, cultural studies, and world history. *Id.* at ¶¶ 4,

6. Plaintiff taught classes for approximately three hours each weekday and spent an additional

two hours each day planning his curriculum, grading papers, and performing other related tasks.

*Id.* at ¶ 7.

Plaintiff alleges that during his tenure with CCA, he often requested that CCA and the

School's principal, Van Whitfield (collectively, the "Defendants"), provide him formal

documentation of his salary and rate of pay.  His requests were denied. *Id.* at ¶ 8. In fact, the

Defendants kept no records pertaining to Plaintiff's employment. *Id.* at ¶ 9. Plaintiff also alleges

that Defendants did not pay him his agreed-upon compensation apart from a single $1,000

payment tendered to him three months into his employment. *Id.* at ¶ 11; *see also* Pl.'s Mot.

Default J., ECF No. 21-1 at 3. Frustrated, Plaintiff resigned in April 2016, just five months into

his tenure with the School. Defendants tendered one additional payment of $500 to Plaintiff

several months after he resigned. *Id.*

On August 16, 2016, Plaintiff filed his Complaint in this Court against the Defendants for

violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*; the Maryland

Wage and Hour Law ("MWHL"), Md. Code Ann., Lab. & Empl., § 3-401 *et seq.*; and the

Maryland Wage Payment and Collection Law ("MWPCL"), Lab. & Empl., § 3-501 *et seq.*

Defendants were properly served, *see* ECF Nos. 10 and 18, but never answered the complaint or

otherwise responded. Plaintiff consequently filed a motion for Clerk's Entry of Default on

November 2, 2016, which the Clerk of Court promptly entered. ECF Nos. 11 and 12. Plaintiff

then filed a Motion for Default Judgment on December 5, 2016. ECF No. 13.

On June 11, 2017, the Court issued a Memorandum Opinion and Order denying

Plaintiff's Motion for Default Judgment and vacating the Clerk's Entry of Default at ECF No.

12. *See* ECF Nos. 16 and 17. The Court held that Plaintiff had not offered sufficient proof that he

had properly effectuated service on CCA, and so it allowed Plaintiff fourteen days to supplement

the record with such proof. The Court also held that Plaintiff had not properly alleged that Van

Whitfield was his "employer" as defined by the FLSA, MWHL, and MPCWL. It allowed

Plaintiff fourteen days to file an amended complaint curing this deficiency.

On June 15, 2017, Plaintiff filed another affidavit of service as to CCA which explains

that the process server served CCA on September 12, 2016 by delivering a copy of the summons

and complaint "to Van Whitfield as Principal and Registered Agent of CCA." *See* ECF No. 18.

He then filed renewed motions for clerk's entry of default judgment pursuant to Fed. R. Civ. P.

55(a) and for default judgment pursuant to Rule 55(b) on June 21, 2017. *See* ECF Nos. 20 and

21. The clerk entered default on July 5, 2017. In his motion for default judgment, Plaintiff

explained that he is voluntarily dismissing Van Whitfield as a defendant and is now only

pursuing a default judgment against CCA. *See* ECF No. 21-1 at 2.

## II.     STANDARD OF REVIEW

Rule 55 of the Federal Rules of Civil Procedure establishes a two-step process when a

party applies for default judgment. First, the Rule provides that "when a party . . . has failed to

plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must

enter the party's default." Fed. R. Civ. P. 55(a). Following the Clerk's entry of default, "the

plaintiff [then may] seek a default judgment." *Godlove v. Martinsburg Senior Towers, LP*, No.

14-CV-132, 2015 WL 746934, at *1 (N.D. W. Va. Feb. 20, 2015); *see also* Fed. R. Civ. P. 55(b).

"The Fourth Circuit has a 'strong policy' that 'cases be decided on their merits.'" *S.E.C. v.

Lawbaugh*, 359 F. Supp. 2d 418, 420 (D. Md. 2005) (citing *Dow v. Jones*, 232 F. Supp. 2d 491,

494–95 (D. Md. 2002)). However, "default judgment may be appropriate when the adversary

process has been halted because of an essentially unresponsive party." *Id.* at 420–22.

In determining whether to grant a motion for default judgment, the Court takes as true the

well-pleaded factual allegations in the complaint, other than those pertaining to damages. *See*

*Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780 (4th Cir. 2001). "It, however, remains

for the court to determine whether these unchallenged factual allegations constitute a legitimate

cause of action." *Agora Fin., LLC v. Samler*, 725 F. Supp. 2d 491, 494 (D. Md. 2010) (citing

*Ryan*, 253 F.3d at 780–81; 10A Wright, Miller & Kane, *Federal Practice and Procedure* § 2688

(3d ed. Supp. 2010) ("[L]iability is not deemed established simply because of the default . . . and

the court, in its discretion, may require some proof of the facts that must be established in order

to determine liability.")).  A court need not accept a plaintiff's legal conclusions but must

independently review whether sufficient factual predicate exists to sustain the claim. *Baltimore*

*Line Handling Co. v. Brophy*, 771 F. Supp. 2d 531, 550 (D. Md. 2011) (citing *Cragin v. Lovell*,

109 U.S. 194, 199 (1883) (holding that "a mere conclusion of law . . . is not admitted by

demurrer or default")).

 If the Court finds that "liability is established, [it] must then determine the appropriate

amount of damages." *Agora Fin., LLC*, 725 F. Supp. 2d at 484 (citing *Ryan*, 253 F.3d at 780–

81). In so determining, "the court may conduct an evidentiary hearing . . . or may dispense with a

hearing if there is an adequate evidentiary basis in the record from which to calculate an award."

*Mata v. G.O. Contractors Grp., Ltd.*, No. TDC-14-3287, 2015 WL 6674650, at *3 (D. Md. Oct.

29, 2015); *see* Fed. R. Civ. P. 55(b).

## III. ANALYSIS

### A. Liability

### 1. Claims under FLSA and MWHL (Counts One and Two)

 In Counts One and Two of his Complaint, Plaintiff alleges that the CCA failed to pay him

at least the minimum wage for the hours he worked between December 2015 and April 2016 in

violation of the FLSA and MWHL. *See* Complaint, ECF No. 1 at 3–4. "The FLSA requires that

employers pay nonexempt employees at least the federal minimum wage." *Quickley v. Univ. of*

*Md. Med. Sys. Corp.*, No. 12–231, 2012 WL 4069757, at *4 (D. Md. Sept. 14, 2012); *see also* 29 U.S.C. § 206(a)(1).

"The MWHL is the 'state parallel' to the FLSA, and the requirements for pleading a claim under the MWHL 'mirror those of the federal law.'" *Quickley*, 2012 WL 4069757, at *6 (quoting *Brown v. White's Ferry, Inc.*, 280 F.R.D. 238, 242 (D. Md. 2012)); *see also* Md. Code Ann., Lab. & Empl. § 3–413(b). During the relevant time period, the federal minimum wage was $7.25 per hour while the Maryland state minimum wage was $8.75 per hour. *See* 29 U.S.C. § 206(a)(1)(C); Md. Code Ann., Lab. & Empl. § 3–413(c).

A necessary precondition to establishing liability under the FLSA and the MWHL is showing that an employment relationship existed between the parties. *See Coles v. Von Paris Enterprises, Inc*, No. PJM 14-450, 2014 WL 6893861, at *3 (D. Md. Dec. 3, 2014). The FLSA broadly defines "employer" to include "any person acting directly or indirectly in the interest of an employer in relation to an employee," 29 U.S.C. § 203(d), and defines "employ" to "include to suffer or permit to work." *Id.* § 203(g). The MWHL provides a similarly broad definition for the term "employer" as including any "person who acts directly or indirectly in the interest of another employer with an employee." Md. Code Ann., Lab. & Empl., § 3–401. It defines "employ" as the act of "engag[ing] an individual to work." *Id.* § 3–101.

Whether an individual or entity is an "employer" under the FLSA or MWHL must be determined by applying the "economic reality" test. *See Schultz v. Capital Int'l Sec., Inc.*, 466 F.3d 298, 304 (4th Cir. 2006); *see also Khalil v. Subway at Arundel Mills Office Park, Inc.*, No. CCB-09-158, 2011 WL 231793, at *2 (D. Md. Jan. 24, 2011) (applying the economic reality test to claims brought under the MWHL). An "employer" is one who (1) has the authority to hire and fire employees; (2) supervises and controls work schedules or employment conditions; (3)

determines the rate and method of payment; and (4) maintains employment records. *Jacobson v. Comcast Corp.*, 740 F. Supp. 2d 683, 689 (D. Md. 2010). Under this test, no one factor is dispositive, and courts should consider the totality of the circumstances. *Id.*

Here, Plaintiff has clearly established that CCA is an "employer" under both the FLSA and MWHL. Plaintiff avers that he worked for CCA; that CCA hired Plaintiff to teach its students, and Plaintiff agreed to the employment with the expectation that CCA would compensate him. This is enough to establish that CCA is Plaintiff's employer.

Whether Plaintiff as a school teacher is considered an employee covered by the FLSA warrants additional discussion. The FLSA mandates that employers pay at least the federal minimum wage to employees who are not exempt from the statute's application. *Cf.* 29 U.S.C. § 206 (explaining the exemptions).  Employees who work "in a bona fide executive, administrative, or professional capacity" are considered exempt from the FLSA's minimum wage requirements. *Id.* § 213(a)(1). While the FLSA does not define the terms "executive," "administrative," or "professional," Congress has granted the Secretary of the Department of Labor ("DOL") broad authority to define the scope of what is commonly known as "white collar exemptions" which are categorized in implementing regulations. *See Auer v. Robbins*, 519 U.S. 452, 456 (1997) (quoting 29 U.S.C. § 213(a)(1));  *see also* 29 C.F.R. §§ 541.0–541.710 (2017). Notably, the DOL defines the term "employee employed in a bona fide professional capacity to include "any employee with a primary duty of teaching." 29 C.F.R. § 541.303.

The MWHL also contains a white-collar exemption for salaried professionals. This exemption generally mirrors that of the FLSA. Specifically, the MWHL exempts individuals who are "employed in a capacity that the Commissioner [of Labor and Industry] defines, by regulation, to be administrative, executive, or professional." Md. Code Ann., Lab. & Empl. § 3-

403. The Commissioner of Labor and Industry has explained that the term "'professional capacity' has the meaning stated in 29 C.F.R. § 541.300, *et seq.*"; the federal regulation that defines the term "professional employees" within the meaning of the FLSA's white collar exemptions. COMAR 09.12.41.17.

Here, Plaintiff recognizes that teachers normally fall under the FLSA's and MWHL's white collar exemption for professional employees, but alleges in his complaint that because Plaintiff received less than $455.00 per week, the exemption does not apply to him. *See* Pl.'s Mem., ECF No. 21-1 at 4; 29 C.F.R. § 541.602 ("To qualify as an exempt executive, administrative or professional employee under section 13(a)(1) of the Act, an employee must be compensated on a salary basis at a rate of not less than $455 per week."). The Court notes that "a claim of exemption under the FLSA is an affirmative defense, and the employer bears the burden of proof in making any such claim." *Dejesus v. HF Mgmt. Servs., LLC*, 726 F.3d 85, 91 n.7 (2d Cir. 2013) (citing *Corning Glass Works v. Brennan*, 417 U.S. 188, 196 (1974)); *see also Kleitman v. MSCK Mayain Olam Habba Inc.*, No. 11-CV-2817 SJ JMA, 2013 WL 4495671, at *4 (E.D.N.Y. Aug. 20, 2013). On a motion for default judgment, Defendants have failed to participate at all in the litigation, and so no affirmative defenses are properly before the Court. Accordingly, while the Court is mindful that Plaintiff's claimed salary floor likely may "not apply to . . . teaching professionals," 29 C.F.R. § 541.303, the Court cannot *sua sponte* mount the affirmative defense for CCA. *See Eriline Co. S.A. v. Johnson*, 440 F.3d 648, 654–55 (4th Cir. 2006) (suggesting that district courts should not raise affirmative defenses *sua sponte* unless the affirmative defense "implicate[s] important institutional interests"). The Court will thus accept that Plaintiff is a covered employee for purposes of this analysis.

Finally, the Court must determine whether CCA did indeed fail to pay Plaintiff the minimum wage as required by the FLSA. The wage and hour calculation that Plaintiff submitted demonstrates that he worked 500 hours over a five month period for which he was paid $1,500 total. *See* ECF No. 21-3.  This results in an hourly wage of approximately thirty-three cents—well below the federal and state minimum wage. Accordingly, accepting as true Plaintiff's well-pleaded allegations, the Court finds that CCA has violated 29 U.S.C. § 206(a)(1) and Md. Code Ann., Lab. & Empl. § 3–413(b), and is liable to Plaintiff under the FLSA and MWHL. Therefore, default judgment on Counts One and Two is proper as to CCA. *See Lawbaugh*, 359 F. Supp. 2d at 422 (default judgment is proper where plaintiff's pleadings establish defendant's liability).

**2.      MWPCL Claim (Count Three)**

Count Three of the Complaint proceeds similarly to Counts One and Two. Plaintiff alleges that Defendants violated the MWPCL by failing to pay promptly the wages due to him and for refusing to pay all wages to which he was legally entitled. The MWPCL provides that employers "shall pay each employee at least once in every 2 weeks or twice in each month," Md. Code Ann., Lab. & Empl. § 3–502(a)(1)(ii), and shall pay the employee all wages due upon termination, *id.* § 3–505. The Maryland Court of Appeals reiterated the reach of the MWPCL claim in *Peters v. Early Healthcare Giver, Inc.*, 439 Md. 646, 654 (2014):

> Maryland has two wage enforcement laws . . . the [M]WHL and the [M]WPCL. The [M]WHL aims to protect Maryland workers by providing a minimum wage standard. The [M]WPCL requires an employer to pay its employees regularly while employed, and in full at the termination of employment. Read together, these statutes allow employees to recover unlawfully withheld wages from their employer, and provide an employee two avenues to do so.

*See also Marshall v. Safeway*, 437 Md. 542, 561–62 (2014) (holding that the MWPCL generally provides an employee with a cause of action against an employer for both the failure to pay wages on time and for "the refusal of employers to pay wages lawfully due.").

Similar to the FLSA and the MWHL, the MWPCL requires that Plaintiff demonstrate the existence of an employment relationship between the parties. *Butler v. PP & G, Inc.*, No. WMN-13-43, 2013 WL 4026983, at *4 (D. Md. Aug. 6, 2013). The MWPCL defines "employer" as "any person who employs an individual in the State." Md. Code Ann., Lab. & Empl. § 3–501(b). To "employ" under the MWPCL includes "allowing an individual to work" and "instructing an individual to be present at a work site." *Id.* at § 3–101(c)(2). *See also Hausfeld v. Love Funding Corp.*, 131 F. Supp. 3d 443, 455 (D. Md. 2015). "[C]ourts in Maryland and in this District have applied the economic-reality test to claims arising under the MWPCL." *Rollins v. Rollins Trucking, LLC*, No. JKB-15-3312, 2016 WL 81510, at *4 (D. Md. Jan. 7, 2016) (citing cases).

As discussed above, CCA was clearly Plaintiff's employer and thus can be found liable under the MWPCL. The Court must next determine whether CCA complied with the MWPCL in compensating Plaintiff. The Complaint alleges that CCA made a single $1,000 payment to Plaintiff three months after he started work. CCA also allegedly made an additional $500 payment to Plaintiff several months after he resigned. This is a far cry from the twice-per-month payments required under the MWPCL. *See* Md. Code Ann., Lab. & Empl. § 3–502(a)(1)(ii). Thus, accepting these allegations as true, the Court finds that Plaintiff has established that CCA failed to pay Plaintiff regularly in violation of the MWPCL such that default judgment as to CCA on Count Three is proper. *See Lawbaugh*, 359 F. Supp. 2d at 422.

B.    **Damages**

Once the scope of liability is established, the Court must next determine damages. To calculate damages, "the Court . . . may rely on affidavits or other evidentiary documents in the record to determine the amount of damages." *Quiroz v. Wilhelm Commercial Builders, Inc.*, No. WGC-10-2016, 2011 WL 5826677, at *2 (D. Md. Nov. 17, 2011). "The Court may award damages based on Plaintiffs' testimony even though the amounts claimed are only approximated and not perfectly accurate." *Lopez v. Lawns R Us*, No. DKC-07-2979, 2008 WL 2227353, at *3 (D. Md. May 23, 2008).

Plaintiff calculates that he is entitled to $2,625 in Maryland minimum wages under the MWHL. In his sworn affidavit and wage spreadsheet, Plaintiff attests that he worked 30 hours per week for 16 weeks and 10 hours per week for two weeks between December 13, 2015 and April 23, 2016 (500 hours). ECF No. 21-3. The MWHL requires employers to pay a minimum wage of at least $8.25 during the time Plaintiff worked for CCA. *See* Md. Code Ann., Lab. & Empl. § 3-413(c). Five hundred hours multiplied by $8.25 equals $4,125. Plaintiff then subtracted the $1,500 CCA has already paid totaling $2,625 in unpaid wages. ECF No. 21-3. Plaintiff is therefore entitled to $2,625 in unpaid wages pursuant to the MWHL.

Plaintiff also seeks treble damages under the MWPCL and liquidated damages under the FLSA. *See* ECF No. 21-1 at 5–8. If a violation of the MWPCL is established, "the court may award the employee an amount not exceeding 3 times the wage, and reasonable counsel fees and other costs." Md. Code Ann., Lab. & Empl. § 3-507(b)(1). Under the FLSA "[a]ny employer who violates the [FLSA] . . . shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages." 29 U.S.C. § 216(b). Plaintiff argues that it

10

is entitled to $12,375 under the MWPCL, calculated by multiplying the amount CCA failed to timely pay ($4,125) by three. *See* ECF No. 21-3. He also argues that he is entitled to $2,125 under the FLSA, calculated by multiplying the federal minimum wage ($7.25) by the total number of hours worked (500), then subtracting the amount CCA has already paid ($1,500). *Id.*

In this Court, it is well established that a plaintiff is "entitled to recover liquidated damages under the FLSA or treble damages under the [MWPCL], but not both." *Quiroz v. Wilhelp Commercial Builders, Inc.*, No. WGC-10-2016, 2011 WL 5826677, at *3 (D. Md. Nov. 17, 2011).

> [I]t has become customary in this district to award double damages under the FLSA, but not treble damages under the MWPCL, when the "defendants '[do] not offer any evidence of a bona fide dispute' to make liquidated damages inappropriate, [but] plaintiffs '[do] not offer any evidence of consequential damages suffered because of the underpayments.'" *Clancy* [*v. Skyline Grill, LLC*, No. ELH-12-1598], 2012 WL 5409733, at *8 (quoting *Lopez*, 2008 WL 2227353, at *4); *see also Castillo v. D&P Prof'l Servs., Inc.*, No. DKC-14-1992, 2015 WL 4068531, at *6–7 (D. Md. July 2, 2015); *Labuda v. SEF Stainless Steel, Inc.*, No. RDB-11-1078, 2012 WL 1899417, at *3 (D. Md. May 23, 2012); *Monge v. Portofino Ristorante*, 751 F. Supp. 2d 789, 800 (D. Md. 2010).

*Villatoro v. CTS & Assocs., Inc.*, No. DKC-14-1978, 2016 WL 2348003, at *3 (D. Md. May 4, 2016).

Here, because CCA has failed to defend this case, no evidence is before the court establishing the existence of a bona fide dispute. Plaintiff similarly has provided no evidence of any consequential damages sustained because of CCA's violations. Based on the foregoing, liquidated damages under the FLSA (as opposed to treble damages under the MWPCL) will be awarded in the amount of $2,125 in addition to the unpaid wages in the amount of $2,625 under the MWHL.

## IV.   CONCLUSION

For the foregoing reasons, Plaintiff's motion for default judgment is granted. Plaintiff is entitled to unpaid wages pursuant to the MWHL in the amount of $2,625 and liquidated damages under the FLSA in the amount of $2,125 for a total recovery of $4,750. The Court will also grant Plaintiff's request to voluntarily dismiss Van Whitfield as a defendant. Plaintiff's counsel may file a petition for attorneys' fees and costs within fourteen (14) days of the following Order.


9/14/2017 _____          _____/S/_____
Date                                            Paula Xinis
                                                United States District Judge